UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE CARLSON,<br><br>  *Plaintiff*,<br><br>  v.<br><br>GENEVA CITY SCHOOL DISTRICT, BOARD OF EDUCATION OF THE GENEVA CITY SCHOOL DISTRICT, DAVID D. PULLEN, MICHAEL SIMON, ROBERT C. YOUNG, JR., and CARMINE CALABRIA,<br><br>  *Defendants*. | CIVIL ACTION NO.<br>08-CV-6202 |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION TO COMPEL AND FOR SANCTIONS**

**THOMAS & SOLOMON LLP**
*Attorneys for Plaintiff*
693 East Avenue
Rochester, NY 14607
(585) 272-0540

Of Counsel:   J. Nelson Thomas
              Annette Gifford
              Sarah Cressman

## PRELIMINARY STATEMENT

Plaintiff hereby moves for an order compelling defendants' depositions and granting sanctions as a result of defendants' unilateral decision to not appear for their properly noticed depositions.[1]

Defendants in this matter have repeatedly delayed and refused to respond to plaintiff's requests for communication regarding discovery issues generally, and regarding plaintiff's deposition of the defendants specifically.  Most recently, defendants' failed to appear for properly noticed depositions without notifying plaintiff that they would not so appear in advance.  Defendants' actions have rendered it impossible for plaintiff to complete her properly noticed depositions within the remaining discovery timeframe and have resulted in various costs to plaintiff associated with those depositions and with the need to bring the instant motion.  Plaintiff therefore requests an order compelling defendants to appear for deposition and granting sanctions.

## SUMMARY OF FACTS

Plaintiff first noticed the deposition of each of the six named defendants on December 5, 2008, under notices setting the depositions for a date and time to be mutually agreed upon by the parties.  Plaintiff reasonably sought to complete written discovery, including document production, prior to taking those depositions so as to avoid the need to re-depose defendants when written discovery was complete.

The discovery period, which earlier had been scheduled to conclude as of September 1,

---

[1] Plaintiff previously raised these issues in a letter to the Court dated September 14, 2010.  Defendants have provided no written response to that letter.  Plaintiff now brings this motion in light of the fact that the discovery schedule is currently set to expire in approximately one week, and in light of the fact that the parties' correspondence and discussion subsequent to the submission of plaintiff's September 14, 2010 letter have not

2009—more than one year ago—was repeatedly delayed, as more fully set forth in the Affirmation of Annette Gifford filed with this motion ("Gifford Aff.") at ¶¶ 4-8. As of June 8, 2010, however, all parties were aware that the deadline for completion of fact discovery was September 30, 2010.

As a result of defendants' delay in conferring regarding plaintiff's written discovery requests (which occurred only after the Court ordered such conferral), plaintiff was not able to resolve outstanding issues regarding her written discovery until earlier this year. (Gifford Aff. at ¶¶ 5-6). Once those issues were resolved, however, plaintiff began seeking from defense counsel dates when defendants would be available for depositions. Indeed, plaintiff's counsel spoke with defense counsel immediately following the June status conference at which the Court set the September 30 deadline, asking when such dates would be available and was told that information would be forthcoming. (Gifford Aff. at ¶ 9). By letter dated July 2, 2010, defense counsel wrote, "[w]e will be able to advise you shortly as to possible examination dates for our clients." (*See* Exhibit A; all exhibits are attached to the Gifford Aff.).

Yet despite plaintiff's repeated requests for this information and despite defendants' promises that it would be forthcoming, plaintiff never received potential deposition dates from defendants. Having been entirely unsuccessful in obtaining *any* such information, on July 22, 2010 plaintiff again wrote defense counsel, requesting "[i]n light of the remaining discovery period, please provide any dates when your clients are *not* available by Monday, July 26, 2010. We will accommodate any information we have received by that date in issuing our notices." (emphasis in original). (*See* Exhibit B.) Defendants never responded to that request, never provided any dates when they were unavailable, and never requested additional time to provide

(..continued)
resolved these issues. The parties' conferral efforts are more fully set forth in the Affirmation of Annette Gifford submitted with this motion.

such information.

Thus, on August 5, 2010 (more than a week and a half after the proposed July 26 response date), plaintiff served notices of deposition on each defendant for dates ranging from September 14 through September 29, 2010.  Plaintiff selected dates in mid-to-late September based on defense counsel's representation at the status conference that defendants had limited availability prior to the start of the school year and also in an effort to provide defendants as much notice as possible in advance of the depositions.  (Indeed, the earliest deposition was noticed more than 5 weeks in advance.)  Additionally, plaintiff selected dates that would allow plaintiff to complete her depositions within the remaining discovery period and that would not require all six depositions to occur on consecutive days so that information obtained in early depositions could be obtained both for use in subsequent depositions and to avoid repetitive questioning to the extent possible. (Gifford Aff. at ¶ 14).

*Defendants Fail to Appear for Their Properly Noticed Depositions*

In the five weeks following plaintiff's service of her deposition notices, defendants never objected to the notices, never indicated that they were unable to attend on the noticed dates, and never sought a protective order relieving them of their obligation to attend. (Gifford Aff. at ¶ 15).

Instead, at 5:18pm on September 10, 2010 (the Friday before the first deposition was to begin), defense counsel faxed a letter "acknowledg[ing] our receipt of the August 5 deposition notices" and "request[ing] that we begin the depositions on September 23, 2010 with the examination of [plaintiff]." (*See* Exhibit C).  Notably, while defendants proposed an alternative discovery schedule, they did not state that they would not or could not appear for the depositions previously noticed.  Defendants also did not seek a protective order for the deposition scheduled

to occur two business days later.

Upon receipt of defendants' evening fax, plaintiff's counsel promptly responded by e-mail at 12:22am on September 11, 2010, explaining that plaintiff did not agree with the proposal to alter the deposition schedule. Plaintiff plainly stated that there would be no change to the deposition schedule, stating "Defendants have never objected to the scheduled depositions, and we intend to go forward with them as noticed." (*See* Exhibit D).

Defendants provided no further response and, in light of the fact that defendants still had not objected, stated they were unavailable, or moved for a protective order, plaintiff reasonably understood that the scheduled depositions—including the first scheduled for September 14, 2010—would go forward as noticed. Plaintiff thus continued to prepare for that deposition and did not cancel the court reporter scheduled for that deposition. (Gifford Aff. at ¶ 18).

Defendants, however, instead of responding or moving for a protective order, simply failed to appear for the properly noticed deposition and never once notified plaintiff's counsel that they would not be appearing. Instead, when defendants failed to appear, plaintiff's counsel called defense counsel's office and was informed for the first time that defense counsel was attending a court hearing in Syracuse. (Gifford Aff. at ¶ 19).

Notably, although defendants informally conveyed to plaintiff their intention not to appear for the remaining depositions noticed on September 16, 17, 23, 27 and 29, to date defendants still have not sought a protective order with respect to those depositions.

***Communications Following September 14, 2010***

Following defendants' non-appearance, plaintiff submitted a letter request to the Court that same afternoon requesting a conference and/or leave to move to compel and for sanctions. Defense counsel called plaintiff's counsel later that afternoon and proposed rescheduling the

-4-

defendants' depositions for dates remaining in September, but stated that counsel was not available prior to September 21, 2010 (when 8 days would be remaining in the discovery period). (Gifford Aff. at ¶ 21).

The next day, plaintiff wrote to defense counsel proposing a revised schedule for the remaining depositions and requesting that defendants pay the cost of the court reporter pursuant to FRCP 30(g). (*See* Exhibit E). Defendants resoundingly rejected that proposal by letter dated September 16, 2010, and conditioned any rescheduling of defendants' properly noticed depositions on the scheduling of a deposition of plaintiff, which had not been noticed. (*See* Exhibit F).

On September 21, 2010, defense counsel proposed via telephone call and letter the rescheduling of the depositions, including the deposition of plaintiff on September 23, 2010.[2] Defendants also reiterated their position that they would not pay any costs associated with their failure to appear at the September 14, 2010 deposition. (Gifford Aff. at ¶ 24).

Based on these communications, on defendants' continued insistence to condition the rescheduling of their noticed depositions only upon the resolution of separate issues regarding plaintiff's deposition, and on defendants' continued refusal to reimburse plaintiff for the expenses associated with their failure to attend the September 14 deposition, and in light of the very limited time remaining in the discovery period, plaintiff believes that good faith conferral efforts have been made and it does not appear that further conferral would be useful. (Gifford Aff. at ¶ 25).

---

[2] By separate motion, plaintiff is moving for a protective order regarding the notice of plaintiff's deposition on two days' notice.

**ARGUMENT**

I. **DEFENDANTS SHOULD BE COMPELLED TO APPEAR FOR THEIR DEPOSITIONS OUTSIDE OF THE DISCOVERY PERIOD**

There can be no dispute that plaintiff's deposition of each defendant is well within the proper scope of discovery; that plaintiff properly noticed those depositions to occur during the discovery period; that defendants unilaterally chose not to appear; and that defendants have never properly sought a protective order. Moreover, defendants chose not to communicate with plaintiff about the depositions when they were noticed on August 5, instead waiting until the eve of the close of fact discovery, without ample time for the parties to reschedule the depositions within the discovery period.

These issues could have been avoided had defendants, in good faith, responded to any of plaintiff's requests for their availability for deposition. These issues could have been avoided had defendants kept their word that they would provide such information "shortly" after their July 2, 2010 letter. These issues could have been avoided had defendants, upon receiving the notices of deposition on August 5, 2010, contacted plaintiff to reschedule their depositions or propose different dates. Indeed, the fact that defense counsel had another court hearing scheduled for the same day as the September 14, 2010 deposition—but failed to notify plaintiff of that conflict until after that deposition was scheduled to commence—demonstrates that defendants never had any good faith intention of appearing at the scheduled depositions.

Defendants instead unilaterally, and without seeking appropriate relief from the Court, elected to not appear at the noticed depositions. Even if defendants' letter of 5:18pm on September 10, 2010 had stated that defendants could not or would not appear for the September 14 deposition (which it did not), such notice would have come on the eve of a deposition that had been noticed for more than 5 weeks.

Based upon all of the foregoing facts, defendants' failure to appear for the September 14 deposition and the remaining depositions was improper and willful, and plaintiff should be permitted to take defendants' depositions. Plaintiff thus requests an order compelling defendants to appear for deposition. Additionally, in light of the history of defendants' refusal to confer in this matter, plaintiff requests an order directing defendants to provide any dates when they are not available for deposition within one week so that plaintiff may promptly reschedule the depositions.

Plaintiff also requests an order permitting an extended period of time for those depositions to occur. Due to pre-existing scheduling conflicts on certain dates remaining in the discovery period, and in light of the number of depositions to be completed, it is not possible for defendants' depositions to be completed in the current discovery period. Additionally, due to defendants' unilateral rejection of the noticed deposition dates, additional conflicts have arisen with respect to certain dates. Finally, in order to attend depositions, plaintiff requires sufficient advance notice to permit her to make appropriate child care arrangements. For all of these reasons, as well as the fact that plaintiff should not be compelled by defendants' wrongful conduct to conduct the depositions in a compressed timeframe, plaintiff requests an order extending the time in which she may complete these depositions.[3]

An extension such as that requested here is permissible "only for good cause and with the judge's consent." Fed. R. Civ. P. 16. Similarly, the local rules in this District require that such an extension requires "good cause shown in writing." W.D.N.Y. Local Rule 16(a)(4)(I). Here, plaintiff has shown good cause for her requested extension in that her properly noticed

---

[3] Additionally, in the event that any deposition occurring outside of the discovery period reveals information that defendants' prior representations regarding their written discovery production were inaccurate, or that responses to the written discovery requests were incomplete or deficient, such order should reserve plaintiff's right to raise

depositions would have been completed within the discovery period but for defendants' unilateral decision not to attend those depositions. Such extension should not apply to discovery other than these depositions as there has been no showing of good cause for an extension as to other discovery and, moreover, defendants should not benefit from their conduct by receiving an extended discovery period. *See Covad Comms. Co. v. Revonet, Inc.*, 267 F.R.D. 14, 22-23 (D.D.C. 2010) ("Revonet's harm cannot be judged on whether or not it consented to an extension of the discovery deadline; if that were the case, parties would have the incentive to withhold essential discovery information as leverage for requiring opposing parties to consent to enlargements of time").

Plaintiff thus requests an order compelling the deposition of each defendant, directing defendants to provide information regarding their availability, and extending the timeframe within which these depositions may occur.

## II. SANCTIONS ARE APPROPRIATE FOR DEFENDANTS' FAILURE TO APPEAR AT DEPOSITION

A party who fails to appear at a properly noticed deposition is liable for sanctions both under Fed. R. Civ. P. 30(g), for the reasonable expenses incurred, including attorney's fees, as well as under Rule 37(d), which provides for any of a range of sanctions from designating facts be taken as established for purposes of the action, striking pleadings in whole or part, or rendering default judgment against the non-appearing party. Sanctions may not be excused on the ground that the discovery sought was objectionable, unless the non-appearing party has a pending motion for a protective order. Fed. R. Civ. P. 37(d)(2). Pursuant to the Federal Rules, where a party fails to appear for a properly noticed deposition, "The court, at a minimum, must

---

(..continued)
such issues and to move to compel full and complete responses in accordance with defendants' earlier representations to plaintiff and to this Court.

order the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, cause by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See, e.g., Michael v. Liberty*, 547 F. Supp. 2d 43, 46 (D.Me. 2008) (quotations and citation to federal rules omitted).

Here, defendants willfully refused to appear for their depositions or to properly seek protective orders, and the Court should order that defendants bear the costs of the missed depositions, including the costs of the court reporter at the September 14 deposition, plaintiff's attorney's fees associated with the September 14 deposition, plaintiff's attorney's fees incurred in making the instant motion, and such additional sanctions as the Court deems proper.

Such sanctions are appropriate based on defendants' failure to appear for deposition without seeking a protective order and despite plaintiff's clear statement that she understood the depositions would go forward:

> In not showing up, despite [the opposing party's] clear statement that it intended to go forward, and by not seeking protection from the Court, Covad had to know it risked sanctions. Sanctions are appropriate when a party, after being served with proper notice, fails to appear for a deposition … I find that [the deposing party] is entitled to reasonable expenses, including attorneys' fees, associated with Covad's failure to appear for the deposition noticed.

*Covad Comms. Co. v. Revonet, Inc.*, 267 F.R.D. 14, 24 (D.D.C. 2010).

Additionally, more severe sanctions, such as preclusion of the non-appearing party's evidence or entry of default judgment against the non-appearing party may be appropriate. *See, e.g.*, *Michael v. Liberty*, 547 F. Supp. 2d 43, 46 (D.Me. 2008) ("More severe sanctions (such as dismissal of the case) have been imposed by a district court in this circuit (and affirmed by the First Circuit) for a single instance of failing to appear for a party's properly noticed deposition"). *But see United Sheeplined Clothing Co. v. Arctic Fur Cap Corp.*, 165 F. Supp. 193 (S.D.N.Y. 1958) (imposing sanctions of costs, but not default, where failure to appear was due to neglect of

-9-

attorney rather than unwillingness on part of defendant to appear for deposition).

Based upon defendants' failure to appear for their deposition, their failure to seek a protective order, and their failure to notify plaintiff in advance that they would not attend, sanctions are appropriate in this case. Plaintiff requests that defendants be directed to pay plaintiff's costs associated with defendants' failure to appear, including costs associated with the September 14 deposition, plaintiff's attorney's fees incurred in connection with that deposition, and plaintiff's costs and fees occurred in compelling the depositions.

## CONCLUSION

For all of the reasons set forth herein, plaintiff's Motion to Compel and for Sanctions should be granted.

Dated: September 22, 2010

**THOMAS & SOLOMON LLP**

By:   /s/ Annette Gifford
     J. Nelson Thomas, Esq.
     Annette Gifford, Esq.
     Sarah Cressman, Esq.
     *Attorneys for Plaintiffs*
     693 East Avenue
     Rochester, New York 14607
     Telephone: (585) 272-0540
     nthomas@theemploymentattorneys.com
     agifford@theemploymentattorneys.com
     scressman@theemploymentattorneys.com