UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE CARLSON,

Plaintiff,

v.

GENEVA CITY SCHOOL DISTRICT, et al.,

Defendants.

DECISION and
ORDER

08-CV-6202-CJS

INTRODUCTION

**Siragusa, J.**   On July 15, 2008, the undersigned referred this case to the Honorable Marian W. Payson, United States Magistrate Judge, for the handling of non-dispositive pretrial matters, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).   Now before the Court are Defendants' Objections (Docket No. [#97]) to Magistrate Judge Payson's Order [#82], which imposed sanctions on Defendant for its failure to appear at a deposition. *See*, Order [#82] at 1 ("[D]efendants shall reimburse plaintiff's attorneys' fees and expenses incurred in making this motion [for sanctions] and in connection with the deposition noticed for September 14, 2010.").   Defendant's Objections are denied.

FACTUAL BACKGROUND

At all relevant times, the deadline for completion of discovery in this case was September 30, 2010.[1]   In June 2010, Plaintiff's counsel asked Defendant's counsel to provide her with dates when Defendants would be available for depositions.   By letter dated July 2, 2010, Defendant's attorney told Plaintiff's attorney that he would provide

---

[1] This deadline had previously been extended several times.

such dates "shortly." *See*, Letter of Frank W. Miller [#57-1] at 2 ("We will be able to advise you shortly as to possible examination dates for our clients[.]").  Defendant's counsel did not provide such dates.   On July 22, 2010, Plaintiff's counsel wrote to Defendant's counsel, and asked him to identify any dates that his clients would *not* be available for depositions. Specifically, Plaintiff's counsel wrote:

> Plaintiff has repeatedly requested information regarding defendants' availability for their respective depositions for more than one month.  Although Mr. Miller's letter of July 2, 2010 indicates that you would provide that information 'shortly,' to date we have received no information regarding defendants' availability.
>
> In light of the remaining discovery period, please provide any dates when your clients are *not* available by Monday, July 26, 2010.  We will accommodate any information we have received by that date in issuing our notices.

Docket No. [#57-1] at 7.  Defendant's counsel did not respond.  Consequently, on August 5, 2008, Plaintiff's counsel noticed a deposition to occur on September 14, 2010.  For almost six weeks thereafter, Defendant did not object.   At 5:18 p.m. on September 10, 2010, which was the Friday before the Tuesday, September 14, 2010, scheduled deposition, Defendant's counsel faxed a letter to Plaintiff's counsel, asking that the deposition be moved to September 23, 2010.  Docket No. [#57-1] at 9.  Defendant's counsel did not specifically indicate that he would not be attending the September 14the deposition, nor did he say that he was unable to do so. *Id.*[2]  Early the following morning, Saturday, September 11, 2010, at 12:22 a.m., Plaintiff's counsel responded by email, rejecting the request to change the dates of the depositions that she had noticed six weeks earlier. Docket No. [#57-1] at 13.  In that regard, Plaintiff's counsel indicated, in

---

[2] Defendants admit that, "[w]ith the benefit of hindsight, it is evident that Mr. Miller could have been more clear in his correspondence of September 10, 2010 to plaintiff's counsel[.]" Objections [#97] at 11.

pertinent part, that rescheduling the depositions to begin on September 23rd "would leave plaintiff with very little time within the remaining discovery period to complete those depositions." *Id*.   Additionally, Plaintiff's counsel indicated that she had noticed the depositions six weeks earlier, and Defendant had not objected. *Id*.   Plaintiff's counsel reiterated that, "[W]e intend to go forward with them as noticed." *Id*.   Defendant's counsel did not reply to the email.   On September 14, 2010, Defendant's counsel and his clients failed to appear for the scheduled deposition.   Later that day, Plaintiff's counsel called Defendant's attorney to find out why he had not appeared, and was told, for the first time, that Defendant's counsel was attending a court proceeding in Syracuse. Gifford Aff. [#57] at par. 19.

Plaintiff's counsel requested that Defendants' pay the costs associated with the cancelled deposition, but Defendants refused.   Specifically, Defendants' counsel stated, in pertinent part:

> My clients have no intention of paying [the court reporter's invoice], nor will they do so.   I advised you via facsimile dated September 10, 2010, that I would not be available for depositions on the 14th. [As discussed above, that statement is not correct, as counsel's fax did not say that he was not available].   My letter explicitly states that we could 'begin' depositions on September 23, 2010. [One week prior to discovery deadline]  Accordingly, you had prior notice of my inability to be present on that date, and therefore, responsibility for the court reporter's fees belongs to you.   You blatantly disregarded my request to adjourn the depositions.   You did not call me to discuss my correspondence, rather you sent an email in the overnight hours of Saturday, September 11, 2010 (12:22 a.m.).   [In response to Defendant's counsel's fax sent at 5:18 p.m. on Friday evening]    You scheduled the depositions without the usual courtesy of contacting us prior thereto. [That statement is also incorrect]   You have the responsibility for this situation. Finally, I explained to you that on September 14, 2010, I was committed to appear in Onondaga County Supreme Court before Judge Greenwood, and was therefore unavailable for the depositions. [Defendants' counsel notified Plaintiff's counsel of this fact *after* he failed to appear for the deposition]

Frank W. Miller Letter [#57-1] at 18.  Subsequently, Plaintiff filed the subject motion [#55] for sanctions.

Defendants responded by arguing that the deposition was scheduled unilaterally by Plaintiff, and that Plaintiff had ignored Defendants' request to reschedule the deposition due to a scheduling conflict.[3]

On November 2, 2010, Magistrate Judge Payson heard oral argument.  At that time, Judge Payson noted, quite aptly, that Defendants were playing fast and loose with the facts surrounding the noticing of the September 14th deposition and their failure to attend it.  *See, e.g.*, Transcript [#119] at 15 ("MR. SICKINGER:  Their deposition of September 14th was scheduled unilaterally without any prior consultation.  MAGISTRATE JUDGE PAYSON:  But that is not an accurate statement, Mr. Sickinger.  And I think it's absolutely clear from the record that is before the Court that is not an accurate

---

[3] The attorney affirmation [#63] submitted by Defendants  in opposition to the motion for sanctions was executed by John A. Sickinger, Esq., as associate attorney at the Law Firm of Frank W. Miller, who indicates that he was assigned to handle this matter on September 14, 2010, the day of the missed deposition, and that on such day he "began a review of the voluminous file compiled to day in this matter." *Id.* at ¶¶ 5-6.  Regrettably, the Court must point out that Sickinger's affirmation contains a misstatement, which, in light of Defendants' overall conduct in connection with this matter, the Court cannot assume was inadvertent.  Specifically, in reference to the September 14th deposition, Sickinger states: "In fact, Plaintiff in her motion papers even confirms that she had prior notice of Mr. Miller's inability to appear on September 14, 2010, stating, 'defendants informally conveyed to plaintiff their intention not to appear … (see Affirmation of Annette Gifford in Support of Motion to Compel and for Sanctions at ¶ 20)." Sickinger Aff. [#63], ¶ 20.  However, the statement by Ms. Gifford to which Sickinger cites obviously did not concern the September 14th deposition.  Instead, Gifford was referring to other depositions. *See*, Gifford Aff. [#57] at ¶ 20 ("Although defendants informally conveyed to plaintiff their intention not to appear for the remaining depositions noticed on September 16, 17, 23, 27, and 29, to date defendants still have not sought a protective order with respect to those depositions. ").  Moreover, Gifford's affirmation explicitly and correctly states that Miller's fax, sent on the Friday evening before the deposition, "did not state that defendants would not or could not appear[.]" *Id.* at ¶ 16.  Sickinger also continues to insist that "the September 14, 2010 depositions were noticed by Plaintiff without consulting with defense counsel as to availability on that date." Sickinger Aff. [#63] at ¶ 21.  The indisputable fact is that Plaintiff's counsel made repeated attempts to consult with Defendants' counsel before noticing the depositions, and that when Defendants' counsel failed to respond, she noticed the depositions, as was her right, and Defendants' counsel did not make any objection for six weeks thereafter, until 5:18 p.m. on the Friday evening before the Tuesday deposition, and even then, did not specifically indicate that he would not be attending the deposition.

4

statement."); see also, id. at 16 ("MAGISTRATE JUDGE PAYSON: . . .   [I]t is troubling to me that your firm would make the representation that there was no effort by plaintiff's counsel to coordinate on the scheduling.").   On November 3, 2010, Magistrate Judge Payson issued an Order [#82], granting in part Plaintiff's motion for sanctions.   At oral argument, Magistrate Judge Payson explained, on the record, her ruling as follows:

> [U]nder the circumstances, I do find that the actions by the plaintiff were reasonable, that it is the defendant who caused the problems that arose here; largely through lack of communication, lack of response to plaintiff's counsel in scheduling, lack of communication to plaintiff's scheduling about issues that arose because an attorney was planning to and did leave the office, and lack of a communication because of a direct conflict that Mr. Miller had with the date that was chosen for the depositions.

Transcript [#119] at 2.

On November 26, 2010, Defendants filed the subject Objections [#97]. Defendants maintain that Magistrate Judge Payson's ruling was based on erroneous determinations of fact, and is contrary to law.   Defendants admit that they are liable for the court reporter's fees for the canceled deposition ($65.00), but deny that they should have to pay attorney's fees.

## STANDARD OF REVIEW

When a defendant objects to a ruling by a magistrate judge on a non-dispositive matter, the appropriate standard of review for such a decision is clear, and is found under Fed. R. Civ. P. 72(a):

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file

objections to the order within 14 days after being served with a copy. The district judge in the case must consider timely objections and modify or set aside any part of the order that is *clearly erroneous or is contrary to law*.

(Emphasis added). A magistrate judge's factual findings cannot be overturned simply because the reviewing court would have "decided the case differently." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (*quoting Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). To determine whether clear error exists, "a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Id*. (citation and internal quotation marks omitted).  This standard of review is highly deferential, and affords magistrate judges "broad discretion in resolving non-dispositive disputes." *Lyondell-Citgo Refining, L.P. v. Petroleos De Venezuela, S.A.,* No. 02-cv-0795 (CBM), 2005 WL 883485 at *3 (S.D.N.Y. Apr. 14, 2005). This creates a heavy burden for a party seeking to modify or overturn a discovery order. *Id.*

An order is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Mitchell v. Goord*, No. 03-cv-00019, 2005 WL 701096 at *2 (N.D.N.Y. Mar. 21, 2005) (*quoting Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

ANALYSIS

Defendants maintain, first, that the Magistrate Judge made "a critical error of fact," because she incorrectly stated that Defendant's correspondence on the evening of September 10, 2010, was by email instead of fax.  Astonishingly, Defendants insists that, "this was not an instance of misspeaking." Objections [#97] at 6.   However, it is

6

abundantly clear that Magistrate Judge Payson's reference to email was exactly that, "an instance of misspeaking."   The oral argument transcript makes it quite clear that Judge Payson was fully aware that Miller's letter, sent on Friday evening at 5:18, was sent by fax.  Defendants further insist that Judge Payson's alleged mistake

> caused her to be unable to properly consider the defendants' vital contention that the non-appearance on the 14th was caused in part by the actions of the plaintiff's counsel in changing the method of communications used to communicate between the attorneys without later contacting defense counsel via telephone or facsimile to be certain that they had received her Saturday morning email.

Objections [#97] at 6-7.  At the outset, it is ironic that Defendants fault Plaintiff's counsel for failing to call them and confirm receipt of her email, since there is no indication that they called her to confirm that she had received the fax that they sent on 5:18 p.m. on a Friday, when many people have left for the weekend.   Besides that, it is hard to understand how this argument constitutes a "vital contention," since Defendants did not raise it to Judge Payson.  Specifically, neither in their papers, nor at oral argument, did Defendants argue that Plaintiff's counsel had somehow improperly "changed the method of communications."   Defendant's counsel, though, did argue that Defendants somehow did not "receive" Plaintiff's counsel's email, sent on Saturday, September 11th, until three days later, on Tuesday, September 14th. Oral Argument Transcript [#119] at 21 (Mr. Sickinger argued that Plaintiff's counsel sent "off an e-mail at 12:22 on Saturday morning that was *not received*, I believe as Mr. Miller states in his affidavit, until the date of the depositions.") (emphasis added).   However, the fact that Mr. Miller might not have

checked his email for three days does not mean that the email was "not received."[4] Defendants' entire line of argument on these points is lacking in merit.

Defendants further contend that the Magistrate Judge was wrong to find that Plaintiff's counsel had not unilaterally scheduled the September 14th deposition.  In that regard, Defendants maintain that the scheduling was "unilateral," because they had never affirmatively responded to the deposition notice by stating that they were in fact available on that date. *See*, Objections [#97] at 4.[5]   However, as discussed above, Plaintiff's counsel made multiple attempts to get dates from Defendants' counsel, and when no response was forthcoming, she noticed the deposition, as she was entitled to do. Defendants never raised any issue with the September 14th date until six weeks later. Defendants' contention that the Magistrate Judge erred on this point has no basis in fact or logic.

---

[4] Defendants indicate that "Mr. Miller was not in the office on the weekend, and was out of town on Monday, September 13, 2010."  Objections [#97] at 10.

[5] To the extent that Defendant is attempting to suggest that it lacked adequate notice of the deposition, that is clearly belied by the affirmation [#63-3] of Defendant's attorney, Frank W. Miller, which states:

> I am aware that counsel for the Plaintiff in this matter served upon this office notices of deposition for, among other dates, September 14, 2010. . . .  At the time those notices were served, my associate attorney, Michael J. Livolsi, who has since left the office, was the attorney handling the matter within the office.  *Until Mr. Livolsi left the office, there was no conflict in our office covering those depositions.  However, once he departed, we recognized that the depositions created a conflict in my schedule for September 14, 2010.*

Miller Affirmation [#63-3] at ¶¶ 4-5 (emphasis added).  Thus, Defendants' counsel's conflict with the September 14th deposition date had nothing to do with the alleged "unilateral" scheduling of the deposition.

8

Defendants make a number of additional arguments.  The Court finds, though, that they are as unmeritorious as the ones already discussed.[6]  It is sufficient to say that the Court has carefully reviewed Judge Payson's Order, in light of the applicable legal standards, and finds that it is neither clearly erroneous nor contrary to law.

CONCLUSION

Defendants' Objections [#97] are denied, and Magistrate Judge Payson's Order [#82] is affirmed and adopted in all respects.  As ordered by Magistrate Judge Payson, Defendants shall reimburse Plaintiff's attorney's fees and expenses incurred in making the motion [#55] and in connection with the failed deposition noticed for September 14, 2010.

SO ORDERED.

Dated: September 5, 2011
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[6] Defendants maintain, for example, that it was improper to impose sanctions because they had notified Plaintiff's counsel that they were unable to attend the deposition; that Defendant's counsel was justified in failing to appear because he had a conflicting court appearance; that they did not act intentionally or in bad faith; that a sanctions award will give a "windfall" to Plaintiff; and that a sanctions award will set "a troubling precedent."