UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CATHERINE CARLSON,

                                                                                                                             DECISION & ORDER

                Plaintiff,

                                                                                                              08-CV-6202CJS

           v.

GENEVA CITY SCHOOL DISTRICT, et al.,

                Defendants.

_____

On November 3, 2010, this Court granted plaintiff's motion for sanctions in connection with defendants' failure to attend a deposition noticed for September 14, 2010, and ordered defendants to reimburse the plaintiff's attorneys' fees and expenses in making the motion. (Docket # 82). On November 16, 2010, this Court received a letter from plaintiff advising that the parties had been unable to agree upon the amount to be reimbursed. (Docket # 91). Plaintiff requested a total reimbursement of $4,064.00, which represented over 18 hours of attorney time, plus court reporter fees for the missed deposition. (*Id*.). On December 2, 2010, defendants countered that a fee award for no more than two and one-half hours of attorney time was appropriate. (Docket # 100). This Court then stayed the decision on the amount to be reimbursed until Judge Siragusa determined defendants' objections to the order granting sanctions. (*Id*.).

Judge Siragusa subsequently affirmed my decision on the motion for sanctions. (Docket # 120). On April 5, 2012, at oral argument on other motions in this case, I urged the parties again to attempt to resolve their differences regarding the amount of the reimbursement.

(Docket # 165). The parties were instructed to notify this Court by no later than April 20, 2012 if an agreement had been reached. I have not been notified that any agreement has been reached.

## DISCUSSION

Applications for attorneys' fees should be accompanied by sufficient information to enable the reviewing court to audit the hours and determine whether they were reasonably expended. *Disabled Patriots of Am., Inc. v. Niagara Grp. Hotels, LLC*, 688 F. Supp. 2d 216, 226 (W.D.N.Y. 2010); *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F. Supp. 2d 159, 166 (W.D.N.Y. 2005). That information generally includes contemporaneously-created time records specifying "for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)).

In addition to reviewing the entries, the court must inquire whether the party exercised "billing judgment" in arriving at the total number of hours requested. *Hensley v. Eckerhart*, 461 U.S. at 434 ("[i]n the private sector, billing judgment is an important component in fee setting[;] [i]t is no less important here") (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). *See also Disabled Patriots of Am., Inc. v. Niagara Grp. Hotels, LLC*, 688 F. Supp. 2d at 226; *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F. Supp. 2d at 166-67. If the attorney did not properly exercise billing judgment, then the court must reduce the hours to exclude those that were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. One way to accomplish that reduction is to evaluate the reasonableness of each individual time entry and to make reductions and exclusions as necessary. *See*, *e.g.*, *Pasternak v.*

*Baines*, 2008 WL 2019812, *7 (W.D.N.Y. 2008); *Rich Prods. Corp. v. Impress Indus.*, 2008 WL 203020, *3 (W.D.N.Y. 2008). Another "practical means of trimming the fat" is to apply a reasonable percentage reduction to the total number of hours requested. *Kirsch v. Fleet St., Ltd.*, 148 F.3d at 173 (internal quotation omitted). *See*, *e.g.*, *Simmonds v. New York City Dep't of Corr.*, 2008 WL 4303474, *8 (S.D.N.Y. 2008) (applying 40% reduction); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (applying 15% reduction); *Moreno v. Empire City Subway Co.*, 2008 WL 793605, *6 (S.D.N.Y. 2008) (applying 15% reduction); *Anderson*, 388 F. Supp. 2d at 167 (applying 20% reduction); *Elliott v. Bd. of Educ. of Rochester City Sch. Dist.*, 295 F. Supp. 2d 282, 286 (W.D.N.Y. 2003) (applying 10% reduction); *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 21976400, *5 (S.D.N.Y. 2003) (applying 20% reduction); *Sabatini v. Corning-Painted Post Area Sch. Dist.*, 190 F. Supp. 2d 509, 522 (W.D.N.Y. 2001) (applying 15% reduction).

Here, plaintiff's counsel has provided contemporaneously-created time records supporting her fee request. (Docket # 91). Plaintiff asserts that the actual attorneys' fees incurred amount to $8,664.50, but has requested a reimbursement of only $4,064.00. (*Id.*). According to plaintiff, this adjusted amount reflects the use of a blended hourly billing rate of $215.00 for all hours spent on the motion, in accordance with *Falleson v. Paul T. Freund Corp.*, 2010 WL 3422065, *2 n.3 (W.D.N.Y. 2010). (*Id.*). In addition, counsel represents that she has cut all time spent by paralegals and all time spent conferring and drafting correspondence, and has reduced the amount of time spent researching and drafting the motion. (*Id.*).

I have reviewed the time records and the reductions. The requested reimbursement reflects 10.4 hours drafting the motion to compel, 5.1 hours drafting the reply,

3

and 2.6 hours preparing for oral argument, amounting to a request for reimbursement for a total of 18.1 hours.  Despite counsel's reductions, I find that the time spent remains somewhat excessive and does not reflect a exercise of reasonable billing judgment.  Accordingly, a 20% reduction shall be applied, reducing to 14.5 in the total number of hours to be reimbursed.  Plaintiff has also requested reimbursement for 0.5 hours spent waiting at the noticed deposition and for $65.00 in court reporter's costs, which I find reasonable.  Thus, I find that $3,290.00 reflects reasonable attorneys' fees to be awarded as a sanction in this case.

Defendants shall reimburse plaintiff attorneys' fees and costs in the amount of $3,290.00 by no later than **May 18, 2012.**

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        May   11  , 2012